Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLY MONACO,** | **Case No.:** |
| Plaintiff, | |
| v. | |
| **OCWEN LOAN SERVICING, LLC,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

KIMBERLY MONACO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OCWEN LOAN SERVICING, LLC ("Defendant"):

PLAINTIFF'S COMPLAINT

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Sewell, New Jersey.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a business with its headquarters located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or before September 2017 and continuing through March 2018, Defendant called Plaintiff on her cellular telephone repeatedly to collect an alleged debt that was incurred primarily for personal, family, or household purposes.

13. Defendant's repeated collection calls derived from phone numbers that include, but are not limited to the following phone number: (800) 746-2936. The undersigned has confirmed that this phone number belongs to the Defendant.

14. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and/or pre-recorded voice or message.

15. Plaintiff knew that Defendant's calls were automated when she answered the phone she would either be greeted by a recording before speaking to one of Defendant's collectors.

16. Frustrated with the repeated calls, Plaintiff told Defendant to stop calling her shortly after the calls started and again several times thereafter, but Defendant continued to call.

17. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. In spite of Plaintiff's clear instructions to stop contacting her, Defendant instead ignored her demand and continued to call her repeatedly through March 2018 despite knowing that these calls were not wanted.

19. Plaintiff found Defendant's repeated calls to be distressing, frustrating and harassing during this time period.

20. Plaintiff was aware that Defendant was calling as she spoke to collectors who provided their company name as the Defendant's.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated repeated calls to Plaintiff's cellular telephone.

25. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

27. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. When Defendant called Plaintiff from around September 2017 through around March 2018, it knew no later than Plaintiff's instruction to stop calling in September 2017 that it did not have prior express consent to call Plaintiff.

31. When Defendant called Plaintiff from around September 2017 through around March 2018, it knew it was placing calls to a cellular telephone.

32. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, KIMBERLY MONACO, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

    d. Any other relief deemed appropriate by this Honorable Court.

- 6 -

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KIMBERLY MONACO, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: March 15, 2019        /s/ *Amy L. Bennecoff Ginsburg*
                             Amy L. Bennecoff Ginsburg
                             Kimmel & Silverman, P.C.
                             30 East Butler Pike
                             Ambler, PA 19002
                             Phone: (215) 540-8888
                             Facsimile: (877) 788-2864
                             Email: aginsburg@creditlaw.com